Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4381 | **DATE** | 2/21/2001 |
| **CASE TITLE** | Gerald M. Sullivan et al. Vs. Maverick pools, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiffs' motion for summary judgment is granted. Plaintiffs' are ordered to draft an order awarding plaintiffs (1) the balance of $23,012.75 due from the decision; and (2) accrued interest at the rate of $776.39 per month from 5-4-00 until the date of judgment. The case is continued for filing of petition for fees in prosecution of arbitration award as provided by the decision. Defendant's counterclaim is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 2 6 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| | Mail A 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 01 FEB 23 AM 11:44 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD M. SULLIVAN, not individually but as a Trustee of PLUMBERS' PENSION FUND, LOCAL 130, U.A., PLUMBERS' WELFARE FUND, LOCAL 130 U.A., THE TRUST FUND FOR APPRENTICE AND JOURNEYMEN EDUCATION AND TRAINING, LOCAL 130, U.A., and CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., GROUP LEGAL SERVICES PLAN FUND; and CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A.; and THE PLUMBING COUNCIL OF CHICAGOLAND, an Illinois not-for-profit corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) | DOCKETED<br>FEB 2 6 2001 |
| Plaintiffs, | ) ) ) | No. 00 C 4381 |
| v. | ) ) | Judge John W. Darrah |
| MAVERICK POOLS, INC., an Illinois corporation, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs commenced a one-count action seeking enforcement of an arbitration award. Before this Court is plaintiffs' Motion for Summary Judgment under Federal Rule of Civil Procedure 56(c).

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admission on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). All the evidence and the reasonable inferences that may be drawn from the evidence is viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). However, the nonmovant must still

come forward with evidence establishing the elements of his claim on which he bears the burden of proof at trial. *Miller*, 203 F.3d at 1003.

In January 1991, the Chicago Journeymen Plumbers' Local Union 130 U.A. (Union) and defendant were parties to a collective bargaining agreement (Agreement) which was subsequently extended. (Plaint.'s 56.1(a)(3) Statement ¶ 8). Article VI of the Agreement required defendant to pay certain contributions and deductions to the Plumbers' Pension Fund, Plumbers' Welfare Fund, The Trust Fund for Apprentice and Journeymen Education and Training Fund, and The Chicago Journeymen Plumbers' Local Union Group Legal Services Plan Fund (collectively Funds), the Union, and The Plumbing Council of Chicagoland (Council). (Id., at ¶ 9). Article III of the Agreement established a Joint Arbitration Board (JAB) and provided for arbitration before the JAB of disputes between the parties. (Id., at ¶ 10.).

Following a dispute between the parties, and pursuant to the Agreement, the JAB issued its Decision and Award (Decision) on March 1, 2000. The JAB found that defendant violated the Agreement and ordered defendant to pay a total of $52,050.90 to the Funds, Union, and Council. Included in the total was $23,012.75 for "Attorneys' Fees and Costs". (Plaint.'s 56.1(a)(3) Statement ¶¶ 11-12). The Decision allowed for payment of interest, stating:

> The amount of $8,015.78, which is the total of the interest of 1 1/2% per month assessed in Paragraphs 3 & 6 (interest calculated through September 15, 1998), which interest continues to accrue at the rate of $766.39 per month after April 15, 2000 until full payment of all amounts due pursuant to this Decision and Award.
>
> (Id., at ¶ 14).

The Decision also required payment in full within 30 days of March 1, 2000. If defendant failed to pay the award within such time, defendant was required to reimburse the Union and Funds for all attorneys' fees and costs incurred in enforcing the award. (Id., at ¶ 13).

On or about March 5, 2000, defendant received a copy of the Decision from the JAB. (Plaint.'s 56.1(a)(3) Statement ¶ 15). On May 4, 2000, defendant made a partial payment in the amount of $29,038.15. (Id., at ¶ 16). Defendant failed to make any additional payments, and plaintiffs filed suit on July 19, 2000. (Id., at ¶¶ 19-20).

In response to plaintiffs' Motion for Summary Judgment, defendant argues that this Court lacks jurisdiction because the suit does not allege a breach of a contract between an employer and a labor organization; rather, the suit is seeking enforcement of an arbitration award under Illinois statutory law. In addition to its response, defendant filed a counterclaim seeking relief under Illinois common law and the Illinois Uniform Arbitration Act (735 ILCS 5/12(b)). Plaintiffs argue that the Court has jurisdiction and that the defendant is barred from attacking the Decision by the statute of limitations.

Plaintiffs filed suit pursuant to § 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185. Section 301 of the LMRA provides federal jurisdiction for suits alleging a violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce. *Wooddell v. International Brotherhood of Electrical Workers*, 502 U.S. 93, 98 (1991). The statute encompasses "any agreement between employers and labor organizations significant to the maintenance of labor peace between them." *Retail Clerks Int'l Assoc., Local Nos. 128 & 633 v. Lion Dry Goods, Inc*, 369 U.S. 17, 28 (1962). The LMRA defines a "labor organization" as "any organization of any kind ... in which employees participate and which

exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, rates of pay, hours of employment, or conditions of work." 29 U.S.C. § 152(5). The definition is interpreted "very broadly". *Electromation, Inc. v. N.L.R.B.*, 35 F.3d 1148, 1159 (7th Cir. 1994). The "broad definition" includes trade councils that engage in a variety of interactions with employers regarding wages, benefits, job security, and working conditions of its members' employees. See *Rollie Winter & Assoc., LTD., v. Fox River Valley Building & Construction Trades Council*, 59 F.Supp.2d 807, 812-13 (E.D. Wisc. 1999).

In the present case, plaintiffs do not dispute the Court has jurisdiction over the Union's claims. All of the plaintiffs' claims exist as a consequence of the Agreement between defendant, an employer engaged in interstate commerce, and the Union and the Council. The claims fall within the scope of § 301, providing the Court with jurisdiction.

The "failure to challenge an arbitration award within the applicable limitations period renders the award final." *Sullivan v. Lemoncello*, 36 F.3d 676, 680 (7th Cir. 1994) (*Lemoncello*), quoting *International Union of Operating Engineers, Local 150, AFL-CIO v. Centor Contractors, Inc.*, 831 F.2d 1309, 1311 (7th Cir. 1987). Section 301 of LMRA does not provide a period of limitations for actions challenging arbitration awards; therefore, timeliness is determined by reference to the appropriate state statute of limitations. *Lemoncello*, 36 F.3d at 681. The Seventh Circuit has held "that the 90-day period in the Illinois version of the Uniform Arbitration Act is the appropriate statute of limitations" for actions challenging an arbitration award brought in Illinois. *Plumbers' Pension Fund, Local 130, U.A. v. Domas Mechanical Contractors, Inc.*, 778 F.2d 1266, 1268 (7th Cir. 1985).

In the instant case, defendant did not seek to vacate the award within 90 days of receiving

4

notice of the award. Accordingly, defendant's failure to challenge the award within the 90-day limitation period of the Illinois Uniform Arbitration Act, 710 ILCS 5/12(b), bars defendant from challenging the plaintiffs' action to enforce the award.[1] See *Lemoncello*, 36 F.3d at 681. Furthermore, the expiration of the limitations period bars defendant's counterclaim.

Defendant admits that it did not pay the full amount awarded to the plaintiffs and attempts to raise genuine issues of fact by arguing that it does not believe the attorney fees and costs were correct and that the plaintiffs are incorrectly calculating interest. As stated above, defendant may not challenge the JAB decision over ten months after it received notice of the award. Furthermore, the Decision speaks for itself and provides that interest will "accrue at the rate of $766.39 per month after April 15, 2000 until payment of all amounts due...."

Plaintiffs' Motion for Summary Judgment is granted. Plaintiffs are ordered to draft an order awarding plaintiffs (1) the balance of $23,012.75 due from the Decision; and (2) accrued interest at the rate of $776.39 per month from May 4, 2000 until the date of judgment. The case is continued for filing of petition for fees in prosecution of arbitration award as provided by the Decision. Defendant's Counterclaim is dismissed with prejudice.

Dated:

JOHN W. DARRAH
United States District Judge

February 2, 2001

---

[1] The Seventh Circuit has rejected defendant's argument that the 90-day limitations does not apply to arbitration of collective bargaining agreements as found by the Illinois Appellate Courts. See *Lemoncello*, 36 F.3d 676, 682 (7th Cir. 1994); *Teamsters Local No. 579 v. B. & M Transit, Inc.*, 882 F.2d 274, 277 (9th Cir. 1989).

5